IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GRICER BERNARD,                )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:15CV777
                               )
MEGAN J. BRENNAN, in her       )
official capacity as           )
POSTMASTER GENERAL,            )
                               )
          Defendant.           )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Dismiss filed by Defendant Megan J. Brennan, the Postmaster General of the United States ("Defendant"). (Doc. 8.) Plaintiff Gricer Bernard ("Plaintiff") has responded (Doc. 10), and Defendant has replied. (Doc. 12.) This matter is now ripe for resolution, and for the reasons stated herein, Defendant's Motion to Dismiss will be granted.

I.  **BACKGROUND**

Plaintiff was hired by the United States Postal Service ("USPS") as a Human Resources Associate in May of 2007. (Amended Complaint ("Am. Compl.") (Doc. 7) ¶ 6.) In October of 2011, Plaintiff applied for a promotion within the USPS to the position of Human Resource Specialist, which she was not

selected for. (Id. ¶¶ 7-8.) In response to being passed over for promotion, in March of 2012, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was not selected for the promotion because of her race and national origin, which are Hispanic and Puerto Rican, respectively. (Id. ¶ 9.) In the EEOC complaint, Plaintiff named two of her supervisors, Paulette Rynehardt and Richard Defeo. (Id.) The results of that proceeding are not detailed in the Amended Complaint, although Plaintiff continued to be employed by Defendant.

On December 16, 2014, Plaintiff interviewed with two different individuals, Stanley Sanders and Sandra Goldman, for a position of Personnel Processing Specialist. (Id. ¶¶ 11.) Plaintiff alleges that she was qualified for the position because she had attained "superuser" status with Defendant due to her advanced knowledge of Defendant's systems and processes, and because she spoke both Spanish and English fluently, unlike other applicants. (Id. ¶¶ 12-13.) Plaintiff was not selected for this position either and was told that the reason for her non-selection was a poor interview score. (Id. ¶¶ 14, 17.) In February of 2015, Plaintiff filed a second EEOC complaint, alleging that she had not been selected for the promotion as retaliation for the filing of her first EEOC complaint and that

her allegedly poor interview score was pretext for this retaliation. (Id. ¶ 16.)

Plaintiff requested a final decision without a hearing from the EEOC, and filed the instant action within 90 days of her receipt of the final order issued by the agency. (Id. ¶¶ 19-20).

**II. LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. All. One

Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see Iqbal, 556 U.S. at 680. Under Iqbal, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth (i.e., conclusory allegations, bare assertions amounting to nothing more than a "formulaic recitation of the elements"). Iqbal, 556 U.S. at 681. Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." Id. "At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor." Estate of Williams-Moore, 335 F. Supp. 2d at 646.

### III. ANALYSIS

Plaintiff brings her cause of action under Title VII, which, among other things, makes it unlawful for an employer "to discriminate against any of his employees . . . because he has

opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to state a claim under Title VII, the plaintiff must allege facts that satisfy the elements of a cause of action that Title VII creates. See McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015), cert. denied, ____ U.S. ____ 136 S. Ct. 1162 (2016). The elements of a prima facie retaliation claim are "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir.2010). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted); accord McCleary–Evans, 780 F.3d at 585.

The Amended Complaint fails to meet this standard for several related reasons, all of which amount to a failure to allege the necessary causal link between the adverse employment action and Plaintiff's protected activity. First, the Amended Complaint alleges only that the USPS employees who interviewed

- 5 -

Plaintiff "had knowledge" of her prior EEOC complaint. (Am. Compl. (Doc. 7) ¶ 15.) However, a simple allegation that an employer is aware of a prior EEOC complaint against it is not sufficient basis for this court to infer later discrimination against Plaintiff on that basis. Plaintiff does not allege that the previous complaint was ever brought up by her employer after she filed it, that it was discussed during the interview for the promotion at issue, or that it affected her employment with the USPS in any way. Rather, Plaintiff alleges simply that she filed an EEOC complaint in March of 2012, and was denied a promotion in December of 2014, more than two years after the filing of the initial complaint.[1] Such a large gap in time between the protected action and the alleged discrimination at issue further weakens the inference of a causal link between the two instances.

---

[1] In addition to knowledge, there ordinarily must "be some degree of temporal proximity" between the protected activity and the retaliatory conduct to suggest a causal connection. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005). Usually, when time between the two events is short, an inference of causation can be found. However, a gap of three to four months of temporal proximity has been held insufficient, standing alone, to establish causation. See Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Shields v. Fed. Express Corp., 120 F. App'x 956, 963 (4th Cir. 2005). Here, Plaintiff alleges a gap of more than two years, rendering the temporal proximity too remote to support any inference of a causal connection.

Further, Plaintiff alleges only that she was qualified for the position that she applied for by virtue of her status as a "superuser" in Defendant's system, and that she was fluent in both Spanish and English, unlike a "majority" of the other applicants. (Am. Compl. (Doc. 7) ¶¶ 12-13.) However, the Amended Complaint does not allege who received the promotion, whether that person was sufficiently qualified for the position, whether Plaintiff was more qualified than the person who eventually received that promotion, or whether that person had ever filed an EEOC complaint against Defendant. Merely alleging competence for a position and failure to be awarded that position is not enough to state a cause of action for retaliation. Further, Plaintiff's Amended Complaint does little to address the "obvious alternative explanation" to Plaintiff's failure to receive the promotion at issue: namely, that the decisionmakers "simply judged those [promoted] to be more qualified and better suited for the position[]." McCleary-Evans, 780 F.3d at 588.

Finally, as to Plaintiff's allegation that her poor interview score was mere pretext, such an allegation is conclusory, and this court declines to draw such an inference without additional facts. There are a multitude of plausible reasons that Plaintiff's second interview could have gone

poorly, despite her relatively successful interview in 2012. Plaintiff was interviewing with different individuals who may have judged her abilities differently, was interviewing for a different position for which she may have been a poorer fit, and may simply have had a poor interview on that day. Nothing in the Amended Complaint causes this court to infer that Plaintiff's interview score was merely pretext to unlawful retaliation, and that conclusory allegation will not be credited.

**IV. CONCLUSION**

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED** and that Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED WITHOUT PREJUDICE.**

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 28th day of June, 2016.

/s/ William L. Osteen, Jr.
United States District Judge